Eastern District of Kentucky
FILED
AUG 1 0 2005
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 04-84-KSF

| | |
|---|---|
| STATIC CONTROL COMPONENTS, INC. | PLAINTIFF/COUNTERCLAIM DEFENDANT |
| V. | |
| LEXMARK INTERNATIONAL, INC. | DEFENDANT/COUNTERCLAIM PLAINTIFF |
| V. | |
| WAZANA BROTHERS INTERNATIONAL, INC. d/b/a MICRO SOLUTIONS ENTERPRISES, PENDL COMPANIES, INC., IMAGE PROJECTIONS WEST, INC. and NER DATA PRODUCTS, INC. | COUNTERCLAIM DEFENDANTS |

-AND-

CIVIL ACTION NO. 02-571-KSF

| | |
|---|---|
| LEXMARK INTERNATIONAL, INC. | PLAINTIFF/COUNTERCLAIM DEFENDANT |
| V. | |
| STATIC CONTROL COMPONENTS, INC. | DEFENDANT/COUNTERCLAIM PLAINTIFF |
| V. | |
| WAZANA BROTHERS INTERNATIONAL, INC. d/b/a MICRO SOLUTIONS ENTERPRISES, and PENDL COMPANIES, INC. | COUNTERCLAIM DEFENDANTS |

## OPINION & ORDER

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on Lexmark International, Inc.'s motion to consolidate and to amend scheduling order [DE #236-237 in Civil Action No. 02-571 and DE #114 in Civil

Action No. 04-84].[1] This matter is ripe for review

## I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In December 2002, Lexmark International, Inc. ("Lexmark") filed a complaint against Static Control Components, Inc. ("SCC") alleging copyright infringement and violation of the Digital Millennium Copyright Act ("DMCA") with respect to SCC's Smartek microchips that are compatible with Lexmark 520/620 laser printer cartridges. *Lexmark International, Inc. v. Static Control Components, Inc., et al.*, Civil Action No. 02-571 (the "'02 Action"). In December 2003, SCC filed an amended answer and counterclaims, alleging Lexmark violated the antitrust laws by entering into agreements that unreasonably restrain trade and by monopolizing the markets for replacement toner cartridges used in Lexmark laser printers, microchips used to remanufacture those toner cartridges, and components used to remanufacture those toner cartridges. SCC also asserted that Lexmark violated the Lanham Act. Lexmark answered SCC's counterclaims and assert counter-counterclaims for intentional interference with contract, intentional interference with a valid business expectancy and civil conspiracy against SCC and un-named John Doe Defendants.

In March 2004, SCC filed an action against Lexmark seeking a declaratory judgment that its newly-designed reengineered Smartek replacement microchips ("New Chips") neither uses software that infringes any copyright held by Lexmark nor violates the DMCA. *Static Control Components, Inc. v. Lexmark International, Inc., et al.*, Civil Action No. 04-84 (the "'04

---

[1] Lexmark asks this Court to vacate the Scheduling Order entered on September 23, 2004 by this Court [DE #208 in Civil Action No. 02-571]. On April 7, 2005, this Court entered an Agreed Order [DE #259 in Civil Action No. 02-571] vacating the September 23, 2004 Scheduling Order. Thus, the Court will deny Lexmark's motion to amend the Scheduling Order as moot. However, the Court will order the parties to submit a new scheduling order.

Action"). Lexmark asserted new counterclaims, including patent infringement, claims under the DMCA, intentional interference with contract, intentional interference with a valid business expectancy and civil conspiracy, against SCC and the John Doe Defendants. Wazana Brothers, International, Inc. d/b/a Micro Solutions Enterprises ("Wazana Brothers"), one of the John Doe Defendants, has filed counterclaims in the `04 Action against Lexmark for violations of antitrust laws and the Landham Act.

## II.     ANALYSIS

Consolidation is governed by Rule 42(a) Federal Rules of Civil Procedure. Rule 42(a) states:

> When actions involving a common question of law or fact are
> pending before the court, it may order a joint hearing or trial of any
> or all of the matters in issue in the actions; it may order all the
> actions consolidated; and it may make such orders concerning
> proceedings therein as may tend to avoid unnecessary costs or
> delay.

Whether cases involving the same factual and legal questions should be consolidated for trial is a matter within the discretion of the trial court. *See Stemler v. Burke,* 344 F.2d 393, 396 (6th Cir.1965). In *Cantrell v. GAF Corp.,* 999 F.2d 1007, 1011 (6th Cir. 1993), the Sixth Circuit quoted the following portion of an Eleventh Circuit opinion regarding the facts that a trial court must consider in deciding whether to consolidate multiple actions:

> [W]hether the specific risks of prejudice and possible confusion
> [are] overborne by the risk of inconsistent adjudications of common
> factual and legal issues, the burden on parties, witnesses and
> available judicial resources posed by multiple lawsuits, the length of
> time required to conclude multiple suits as against a single one, and
> the relative expense to all concerned of the single-trial, multiple-
> trial alternatives.

*Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) (quoting *Arnold v. Eastern Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir.1982), *cert. denied*, 460 U.S. 1102, 103 S.Ct. 1801, 76 L.Ed.2d 366 (1983)). *Accord In re Joint Eastern and Southern Dist. Asbestos Litigation*, 125 F.R.D. 60, 64-65 (E.D. N.Y 1989).

> Based on the language in *Hendrix*, the *Cantrell* court concluded:
>
>> Thus, the decision to consolidate is one that must be made thoughtfully, with specific reference to the factors identified above. Care must be taken that consolidation does not result in unavoidable prejudice or unfair advantage. Conservation of judicial resources is a laudable goal. However, if the savings to the judicial system are slight, the risk of prejudice to a party must be viewed with even greater scrutiny.

*Id.* at 1011. Furthermore, the burden is on the movant to convince the court that consolidation should be granted. *See, e.g., Servants of Paraclete, Inc. v. Great American Ins. Co.*, 866 F.Supp. 1560 (D.N.M. 1994).

SCC objects to the motion to consolidate because it asserts that the `02 and `04 Actions present different factual and legal questions, consolidation would prejudice SCC, consolidation would delay resolution of long-pending issues in the `02 Action and consolidation would substantially increase the Court's and the parties' costs. In order to support its argument that the `02 and `04 Actions present different factual and legal questions, SCC relies on an order dated September 13, 2004 in the `04 Action that states that these two cases are not the same causes of action.[2] SCC also claims that it would be prejudiced by consolidation because a jury may confuse

---

[2] The Court's September 13, 2004 Order addresses, *inter alia*, cross-designation of discovery in the two actions. The Court states, "The primary distinction between the two actions is that technology specific to certain microchips are at issue in each case. This technology, while perhaps similar, is distinct and separate." Order, p.7. Since the Court entered this Order, Lexmark has filed claims against the John Doe Defendants. Moreover, the two cases were stayed

the Smartek chip and the New Chips. SCC contends that Lexmark has not asserted a copyright claim against the New Chips, like it did against the Smartek chip. SCC presumes that the jury might confuse the two chips and believe that the assertions made by Lexmark against the Smartek chip also applies to the New Chips. Finally, SCC argues that Lexmark's copyright and DMCA claims in the `02 Action have been before the Court for over two years; thus, these claims are procedurally much closer to final adjudication than Lexmark's tort counterclaims. SCC states that if the newly named defendants engage in motions practice with respect to their responses to Lexmark's patent and tort claims, then restarting discovery in a consolidated action will only delay adjudication of the copyright, DMCA, antitrust and Landham Act claims in the `02 Action. In order to remedy this perceived problem, SCC proposes two trials – with the first trial encompassing Lexmark's copyright infringement and DMCA claims and SCC's antitrust and Lanham Act claims and the second trial encompassing SCC's claims for declaratory judgment and Lexmark's counterclaims against SCC and the John Doe Defendants for patent infringement, DMCA claims and tort causes of action.

On the other hand, Lexmark states that the following facts comprise the common nucleus of facts underlying the `02 Action and `04 Action: in each lawsuit Lexmark claims that the sale of the original Smartek chip (`02 Action) or redesigned New Chips (`04 Action) by SCC, or the use of those chips to remanufacture Lexmark toner cartridges by the John Doe Defendants, infringes intellectual property and otherwise violates law; and in each lawsuit SCC and the John Doe Defendants claim that Lexmark's efforts to prevent sales of use of the Smartek chips or New

---

while the parties attempted to mediate their claims. Thus, the landscape of these actions has changed significantly since the filing of the Court's September 13, 2004 Order.

Chips are illegal and anticompetitive. Lexmark asserts that consolidation will not prejudice SCC because the Court can limit any confusion between the Smartek chip and the New Chips with limiting instructions. Lexmark also states that even though the `02 Action is older than the `04 Action, given the addition of the new parties in the fall of 2004 in both actions, both cases may be proceeding at a similar pace. Furthermore, Lexmark contends that consolidating these actions would lessen the burden and expense on party and non-party witnesses and expert witnesses and will also simplify motion practice for discovery disputes and dispositive motions. Since much of the evidence at trial will be similar in these two actions, Lexmark believes a consolidated trial will lead to less repetition and will promote judicial economy and fairness to the parties.

In order for the Court to consolidate these actions, it must first find that these actions meet the threshold test of Rule 42 in that the actions involve a common question of law or fact. Consolidation is appropriate even if some of the issues or parties are not common to both actions as long as the common questions are central ones. *See U.S. ex rel. Tillson v. Lockheed Martin Energy Systems, Inc.*, 2004 WL 2403114 (W.D. Ky. 2004). In both cases, Lexmark has asserted violations of the DMCA, interference with contract, interference with prospective economic advantage and civil conspiracy against SCC and the John Doe Defendants. Additionally, in both cases, SCC or the John Doe Defendants have asserted against Lexmark violations of antitrust laws, false advertising, product libel and/or unfair competition in violation of the Lanham Act, noninfringement of Lexmark's intellectual property, declaration that Lexmark's intellectual property is invalid and/or unenforceable and misuse of intellectual property. Thus, although these two actions involve different microchips, there are numerous common questions of law and fact in these cases.

Once a court determines that there are common questions of law or fact, the court must also consider other factors before consolidating. These factors include: (1) whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, (2) the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, (3) the length of time required to conclude multiple suits as against a single one, and (4) the relative expense to all concerned of the single-trial, multiple-trial alternatives. *See Cantrell*, 999 F.2d at 1011.

First, the prejudice alleged by SCC is that a jury might confuse the Smartek chip and New Chips and believe that copyright claims have been made against the New Chips. The Sixth Circuit has instructed that this type of prejudice may exist if juries are asked to return a general verdict. *See Stemler v. Burke*, 344 F.2d 393, 396 (6th Cir. 1965). However, this Court will be able to avoid any risk of jury confusion by utilizing cautionary instructions to the jury during trial and carefully prepared interrogatories dealing separately with the different microchips. *Id*; *see also Hendrix*, 776 F.2d at 1495 (finding that the risks of prejudice and confusion can be alleviated by using cautionary instructions to the jury during trial and controlling the manner in which the parties' claims are presented to the jury for deliberation).

Second, this Court must determine if there is a burden on the parties, witnesses and available judicial resources posed by multiple lawsuits. Lexmark asserts that since so many of the claims between the parties in each case overlap, the same witnesses and experts will testify in each action. Additionally, the questions to be decided in both of these suits are highly technical and closely intertwined. If these cases were to be tried separately, the parties would spend considerable time educating two separate juries about the same technology that is involved in each

7

case. Since both of these cases will involve a large number of the same witnesses, expert witnesses and the same documentary evidence and exhibits, separate trials raise "the specter of inefficient and wasteful duplication." *Rohm and Haas Company v. Mobile Oil Corp.*, 525 F.Supp. 1298, 1310 (D.Del. 1981) (consolidating a declaratory judgment action challenging the validity of a patent with an infringement action charging infringement of three other related patents).

The next two factors -- the length of time and the relative expense of conducting one trial as opposed to two trials -- can be similarly addressed. Regarding the length of time, since much of the evidence regarding the technology involved in these actions, along with other matters, would be the same in both trials, the length of time required to conclude multiple suits would be greater than it would in a single one. Furthermore, the `02 Action will not soon be ready for trial. The John Doe Defendants were recently added as parties in the `02 Action and they will likely need additional time to conduct discovery and engage in motion practice. Thus, the consolidation will not unnecessarily delay an early trial of the `02 Action. As to the expense of conducting one trial as opposed to two trials, neither party has introduced any specific information regarding the relative expense to all concerned of the single-trial, multiple-trial alternatives. The Court finds that the multiple-trial alternative would be more expensive considering the parties would be presenting the same witnesses, same expert witnesses and same documentary evidence and exhibits in both cases. Accordingly, the factors weigh in favor of consolidation.

As an additional matter, the Court rejects SCC's alternative two trial proposal – the first trial encompassing Lexmark's copyright infringement and DMCA claims and SCC's antitrust and Lanham Act claims and the second trial encompassing SCC's claims for declaratory judgment and

Lexmark's counterclaims against SCC and the John Doe Defendants for patent infringement, DMCA claims and tort causes of action. The Court finds SCC's proposal to be cumbersome in that in the first trial, SCC could be asserting antitrust violations against Lexmark and then Wazana Brothers would be asserting antitrust violations against Lexmark in the second action. Furthermore, if Lexmark has to wait to assert its counterclaims against SCC and the John Doe Defendants in the second trial, this proposal would not resolve the issue of a jury trial involving both the Smartek chip and New Chips. Lexmark also claims that if the claims were to proceed under SCC's proposal, both lawsuits would involve patent issues because SCC has asserted "patent misuse" as an antitrust theory. The Court concludes that SCC's proposal is more burdensome than simply consolidating both actions. Accordingly, the Court will grant Lexmark's motion to consolidate these two actions.

### III. CONCLUSION

Based on the foregoing, the Court, being otherwise fully and sufficiently advised, HEREBY ORDERS that:

[1] Lexmark International, Inc.'s motion to consolidate and to amend scheduling order [DE #236-237 in Civil Action No. 02-571 and DE #114 in Civil Action No. 04-84] is GRANTED IN PART, and DENIED IN PART in accordance with this Order, and these cases shall be CONSOLIDATED by the Clerk of this Court;

[2] Civil Action No. 04-84-KSF shall be designated as the lead case and all future filings shall be filed under that caption and number; and

[3] Within 15 days of the date of this Order, the parties are directed to confer concerning a new scheduling order for the consolidated action that encompasses uniform scheduling deadlines for the matters contemplated in Fed. R. Civ. P. 16(b). Within 30 days of the date of this Order, the parties are to submit in writing a new proposed scheduling order that reflects

either (a) the agreed upon schedule or (b) the views of each party concerning the schedule.

This 10th day of August, 2005.

*KSF*

KARL S. FORESTER, SENIOR JUDGE