Eastern District of Kentucky
FILED
AUG 29 2005
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 04-84-KSF

| | |
|---|---|
| STATIC CONTROL COMPONENTS, INC. | PLAINTIFF/COUNTERCLAIM DEFENDANT |
| V. | |
| LEXMARK INTERNATIONAL, INC. | DEFENDANT/COUNTERCLAIM PLAINTIFF |
| V. | |
| WAZANA BROTHERS INTERNATIONAL , INC. d/b/a MICRO SOLUTIONS ENTERPRISES, PENDL COMPANIES, INC., IMAGE PROJECTIONS WEST, INC. and NER DATA PRODUCTS, INC. | COUNTERCLAIM DEFENDANTS |

## OPINION & ORDER

\* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on the following motions: (1) defendant Lexmark International, Inc.'s ("Lexmark") motion to strike MSE's allegations of inequitable conduct [DE #106]; (2) counterclaim defendant Wazana Brothers International, Inc. d/b/a Micro Solutions Enterprises' ("MSE") motion to amend [DE #118]; (3) counterclaim defendant Pendl Companies, Inc.'s ("Pendl") motion for more definite statement [DE #88]; and (4) NER Data Products, Inc.'s ("NER") motion to stay [DE #124]. These matters are ripe for review.

I.  **MOTION TO STRIKE AND MOTION TO AMEND**

Lexmark has filed a motion to strike MSE's allegations of inequitable conduct, contained in MSE's reply to Lexmark's amended answer and counterclaims, because those allegations do not satisfy Fed. R. Civ. P. 9(b). In response to Lexmark's motion to strike, MSE filed a motion to amend its reply. The amended reply addresses the issues raised in Lexmark's motion to strike and corrects misnomers and other errors. No party to this action, including Lexmark, has filed an objection to MSE's motion to amend. The Court will, therefore, grant MSE's motion to amend.

After reviewing the tendered amended reply filed by MSE, it appears that the amended reply addresses Lexmark's complaints about allegations of inequitable conduct. In its motion to strike, Lexmark complains that MSE's original reply contained untrue allegations that each of the Lexmark patents-in-suit is invalid and void due to a breach of the duty of candor required of applicants during prosecution of patents in the U.S. Patent and Trademark Office. MSE's tendered amended reply does not contain such allegations. Since the Court will grant MSE's motion to amend and the amended reply addresses Lexmark's objections, the Court will deny Lexmark's motion to strike as moot.

II.  **MOTION FOR A MORE DEFINITE STATEMENT**

Pendl has moved pursuant to Fed. R. Civ. P. 12(e) for a more definite statement. Pendl asserts that Lexmark's counterclaim does not provide plain notice of the claims asserted against Pendl as required by Fed. R. Civ. P. 8. Specifically, Pendl notes that Lexmark's claims of patent infringement references 392 claims in 24 patents and Pendl seeks to require Lexmark to plead which of the claims it believes Pendl allegedly infringes.

Under Rule 12(e), if a complaint is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Rule 12(e) motions are disfavored by most courts and are rarely granted in view of the availability of the variety of pretrial discovery procedures. *See Agilent Technologies, Inc. v. Micromuse, Inc.*, 2004 WL 2346152 (S.D.N.Y. Oct. 19, 2004) (unpublished decision); *Marine Leasing Servs., Inc. v. S&W Barge Lines, Inc.*, 42 F.R.D. 659 (N.D. Miss. 1967); *United States v. Georgia Power Co.*, 301 F.Supp. 538 (N.D. Ga. 1969); *Shore v. Cornell-Dubilier Electric Corp.*, 33 F.RD. 5 (D. Mass 1963). Despite this general rule, "[c]ourts have considered Rule 12(e) relief appropriate in patent infringement cases where a plaintiff has failed to identify any allegedly infringing product or products." *See, e.g., Agilent Technologies, supra,* at *5; *In re Papst Licensing GmbH Patent Litig.*, Nos., MDL 1289 & 99 Civl 3118, 2001 WL 179926, at *2 (E.D. La. Feb. 22, 2001).

In support of its motion, Pendl cites to only one patent infringement case – *Papst Licensing* – where the court grants the party's motion for a more definite statement. Pendl correctly states that the court granted the defendant's motion for a more definite statement in *Papst Licensing*, however, the scope of the defendant's motion in *Papst Licensing* differs significantly from the relief requested by Pendl. In *Papst Licensing*, the plaintiff filed its complaint containing a total of 503 patent claims in the twenty patents at issue. IBM, one of the defendants, did not object to interpreting the 503 claims, but did object to having to compare those claims to all of its products containing hard disk drives. The court found that Papst's complaint had to be amended to specifically identify the alleged infringing IBM products, but did not require Papst to identify the particular claims of each patent. *See also Agilent Techonologies,*

*supra* (finding that the defendant is entitled to know which of its products or services are alleged to have infringed the plaintiff's patents). In fact, the court specifically distinguished IBM's request and a request by Papst in a related action to have the plaintiff identify the particular claims of each patent which the plaintiff claimed was invalid. It appears that the court in *Papst Licensing* would have declined to grant IBM's request if it had requested to have Papst identify the particular claims of each patent which Papst claimed were infringed.

In the instant case, Pendl has not requested for Lexmark to identify all of Pendl's alleged infringing products. Since Pendl has failed to identify any cases supporting its position that a plaintiff alleging patent infringement has to identify the particular claims of each patent which is allegedly being infringed, the Court will deny Pendl's motion.

## III. MOTION TO STAY

NER filed its motion to stay [DE #124] asking to stay Civil Action No. 04-84. NER's motion seeks to stay all proceedings on the counterclaims asserted against it by Lexmark in Civil Action No. 04-84 and on the counter-counterclaims and cross-claim asserted by NER, pending final disposition of *Arizona Cartridge Remanufacturers Association, Inc. v. Lexmark International, Inc.*, Case No. 01-4626, United States District Court for the Northern District of California, September 5, 2001, and the appeal of that case currently pending before the United States Court of Appeals for the Ninth Circuit, Appeal Docket, No. 03-16987 (the "ACRA Litigation") and Civil Action No. 02-571.

NER's motion was filed in January 2005, prior to this Court consolidating Civil Action No. 02-571 and Civil Action No. 04-84. Since these two separate actions have now been consolidated, the portions of NER's motion discussing a stay pending the resolution of 02-571 is

4

no longer applicable.

The Sixth Circuit has adopted the following test for determining when to grant a stay: "[T]he burden is on the party seeking the stay to show that there is pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order." *Ohio Environmental Council v. United States District Court, Southern District of Ohio, Eastern Division*, 565 F.2d 393, 396 (6th Cir. 1977). NER needs to establish that there is a pressing need for delay and that neither Lexmark nor the public will suffer harm if NER's motion for stay is granted. Even if NER can satisfy this burden, the stay must be reasonable. *Id.* at 396. ("Furthermore, even if the reasons for the stay are proper, the stay itself 'is immoderate and hence unlawful unless so framed in its inception that its force will be spent within reasonable limits, so far at least as they are susceptible of prevision and description.'").

NER claims that there is a pressing need for delay because the ACRA Litigation may resolve certain issues, such as patent exhaustion. NER argues that the opinion in the ACRA Litigation may be controlling. Generally, Ninth Circuit cases are not binding on this Court. Thus, even if the ACRA Litigation was resolved, it would not necessarily resolve issues pending before this Court.

Additionally, NER will have to establish that the delay will not harm Lexmark. Although oral arguments have been heard in the ACRA Litigation, the Ninth Circuit has not issued an opinion. Even if the Ninth Circuit were to issue its opinion in the next couple of months, it may not resolve the action. It could be many months or even years before the resolution of the ACRA Litigation. Generally, lengthy stays pending resolution of another case are unduly burdensome if the likely duration is entirely uncertain. *See United States v. Four (4) Contiguous Parcels of Real*

*Estate*, 864 F.Supp. 652 (W.D. Ky. 1994); *see also Landis v. North American Co.*, 299 U.S. 248, 258 (1936) (finding that a stay of indefinite duration should not be granted); *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir.1982) (noting that stays of immoderate or indefinite duration (in this case, seven years) constitute reversible error); *U.S. v. Banco Cafetero Int'l*, 107 F.R.D. 361, 366 (S.D.N.Y.1985) (holding that the duration of the government's requested stay was too indefinite, given that a criminal investigation had been going on for 20 months and no information had been submitted to show its present status or how long it might take to complete the criminal case), *aff'd sub nom U.S. v. Banco Cafetero Int'l*, 797 F.2d 1154, 1162 (2d Cir. 1986).

NER's interest in staying this action – the resolution of similar claims in other pending actions – must be balanced against the burdensome nature of indefinite stays. The Court finds that the balance tips in favor of Lexmark. *See McSurely v. McClellan*, 426 F.2d 664 (D.C. Cir. 1970), *cert. denied*, 474 U.S. 1005 (1985) (finding a stay was an abuse of discretion when a "[d]istrict [c]ourt has not advanced any reason for a stay of such potentially long duration, beyond the one implicit in the order-- that some of the parties were involved in criminal proceedings raising some of the same issues"). Accordingly, the Court will deny NER's motion to stay.

## III. CONCLUSION

Based on the foregoing, the Court being otherwise fully and sufficiently advised, HEREBY ORDERS that:

    [1]    defendant, Lexmark International, Inc.'s motion to strike MSE's allegations of inequitable conduct [DE #106] is DENIED as moot;

[2] counterclaim defendant Wazana Brothers International d/b/a Micro Solutions Enterprises' motion to amend [DE #118] is GRANTED;

[3] counterclaim defendant Pendl Companies, Inc.'s motion for more definite statement [DE #88] is DENIED; and

[4] NER Data Products, Inc.'s motion to stay [DE #124] is DENIED.

This _29_ day of August, 2005.

_____
KARL S. FORESTER, SENIOR JUDGE