Eastern District of Kentucky
**FILED**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

DEC 2 1 2005

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 04-84-KSF

STATIC CONTROL COMPONENTS, INC.,                                    PLAINTIFF

V.                    **MEMORANDUM OPINION AND ORDER**

LEXMARK INTERNATIONAL, INC., ET AL.,                              DEFENDANTS

\* \* \* \* \* \* \* \* \* \*

## I. INTRODUCTION

On February 24, 2004, plaintiff Static Control Components, Inc. (hereafter "SCC"), filed this declaratory judgment action against defendant Lexmark International, Inc. ("Lexmark"), seeking a judgment that SCC had not violated the Copyright Act, 17 U.S.C. §§ 101 *et seq.*, in respect to Lexmark's copyrighted computer programs, and that SCC had not violated the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201 *et seq.*, (hereafter "DMCA").

In responding to SCC's complaint, on March 16, 2004, Lexmark asserted counterclaims against SCC for alleged patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, alleged violations of the DMCA[1], and for alleged violations of the laws of the Commonwealth of Kentucky, including intentional interference with contractual relations, intentional interference with prospective economic advantage, and civil conspiracy. Lexmark seeks damages and injunctive relief. In its counterclaims, Lexmark also asserted claims against other "John Doe" counterclaim defendants which have subsequently been identified: NER Data Products, Inc.; Image Projections West, Inc.; Pendl Companies, Inc.; Wazana Brothers International, Inc., against whom SCC has asserted cross-claims.

Specifically, this action concerns (1) Lexmark's Toner Loading Program and Printer Engine Program Lexmark incorporated in Lexmark's T520/522 and T620/622 laser printers, (2) Lexmark's Prebate toner cartridges and Regular toner cartridges used in Lexmark's T520/522 and T620/622

---

[1] However, as a result of the Sixth Circuit's decision on appeal of the "'02 action," the parties agreed to file a stipulation to entry of summary judgment on Lexmark's DMCA claims.

laser printers, and (3) SCC's "redesigned microchips, which Lexmark alleges contain unauthorized copies of its copyrighted Toner Loading Programs, as asserted in its counterclaims. In Counts 2 and 3 of the complaint, SCC seeks a determination that it has not violated the DMCA in respect to Lexmark's Toner Loading Programs and Printer Engine Programs, respectively.

Subsequently, Lexmark moved for a preliminary injunction, pursuant to Fed.R.Civ.P. 65, requesting the court to enjoin SCC from making, selling, distributing, importing, marketing, offering for sale, or otherwise trafficking in its "redesigned" microchips intended for use with Lexmark's T520/522, T620/622, and T630/632 printers and toner cartridges. This motion was later resolved by entry of an Agreed Order.

Thereafter, on September 12, 2005, the district court entered a Scheduling Order herein. [DE #145]. In numerical ¶ 13 thereof, the district court referred all discovery disputes to the Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(A), for resolution.

This matter is before the court on SCC's motion to compel discovery from Lexmark. [DE #159]. This motion has been fully briefed and is ripe for review.

## II. SCC'S MOTION TO COMPEL DISCOVERY

SCC has moved to compel Lexmark to supplement its answers to SCC's Interrogatory Nos. 3 and 21.[2] In response, Lexmark asserts that it has adequately answered these two Interrogatories and that SCC's motion to compel should be denied.

### Analysis

In considering this matter, the Magistrate Judge is mindful of the scope of discovery permitted by Fed.R.Civ.P. 26, subsequent to the 2000 amendment thereto, which permits "discovery

---

[2] Although SCC's motion to compel and supporting memorandum states that Lexmark's discovery responses are also deficient in respect to SCC's Interrogatory Nos. 9-11, 19, and 25, SCC advised that further discussions and correspondence between the parties concerning these discovery requests may have resolved SCC's claims concerning the sufficiency of the foregoing Interrogatories; therefore, for that reason, SCC held in abeyance its motion to compel Lexmark to supplement its answers to Interrogatory Nos. 9-11, 19, and 25 and Request Nos. 9-11 of its First Request for Production of Documents (Nos. 1-56), and reserved the right to amend its motion to compel discovery in the event that the dispute concerning said discovery requests was not fully resolved to its satisfaction.

regarding any matter, not privileged, that is relevant to the claim or defense of any party, . . ." The disputed discovery requests and defendants' responses thereto are set out below:

### INTERROGATORY NO. 3

Set forth the complete basis for Lexmark's contention that the Patent Act preempts North Carolina General Statutes § 75-36 (2003), and

(i)     Identify any person who communicated on behalf of Lexmark with any member of the North Carolina Legislature or any staff member thereof regarding that statute or any bill related to that statute;

(ii)    identify all such members or staff; and,

(iii)   provide the substance of such communications.

### ANSWER:

In addition to the General Objections and Objections to the Definitions and Instructions incorporated herein, Lexmark objects to this Interrogatory on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, and seeks information not relevant to any claim or defense nor reasonably calculated to lead to the discovery of admissible evidence. Lexmark further objects to this Interrogatory on the grounds that it seeks information that is protected from disclosure by the attorney-client privilege and/or the work product doctrine. Lexmark further objects to this interrogatory on the grounds that it is a premature contention interrogatory and calls for a legal conclusion. Investigation of the facts is ongoing and Lexmark reserves the right to amend or supplement its response to this interrogatory.

Lexmark's contention that the Patent Act preempts North Carolina General Statutes § 75-36 (2003) is a legal argument and is set forth in Lexmark's memorandum in support of its motion for preliminary injunction.

In support of its motion to compel, SCC asserts that Interrogatory No. 3 seeks information relevant to its defenses to Lexmark's claims that it induced others to breach the "Prebate/Cartridge Return Program agreement" and that all of Lexmark's objections to this interrogatory are without merit. SCC also argues that Lexmark's response to this interrogatory is inadequate and incomplete and does not answer the interrogatory "separately and fully under oath" in that Lexmark's response thereto inappropriately incorporates by reference argument of counsel made in its memorandum filed in support of its motion for a preliminary injunction. SCC contends that interrogatory answers should not refer to pleadings, depositions, other documents, or other interrogatories. *Anderson v. Wade,* Civil Action No. 94-111, 1997 U.S. Dist. LEXIS 24079 (E.D. Ky. Aug. 13, 1997).

3

In response, Lexmark counters that its objections to this interrogatory are customary objections similar to those made by SCC in its responses to Lexmark's interrogatories to SCC in this case. Lexmark also submits that it is not required to "cut and paste" the argument made in its memorandum filed in support of its motion for a preliminary injunction into its interrogatory answer and that reference thereto is authorized by Fed.R.Civ.P. 26(e)(1), which provides that it is not necessary for a party to supplement an interrogatory response if the information sought has "otherwise been made known to the other parties during the discovery process or in writing." Lexmark contends that since its response to Interrogatory No. 3 concerning the preemption of the North Carolina statute in question by the Patent Act is clearly and precisely set forth in its memorandum filed in support of its motion for a preliminary injunction and since this argument was previously made known to SCC in that memorandum, it is not necessary for Lexmark to supplement its answer to Interrogatory No. 3.

In considering this matter, the Magistrate Judge notes that the court has discretion to find that reference to other documents prepared over the course of litigation is a responsive answer to an interrogatory. *See, e.g., Kenney v. Shaw Indus., Inc.*, 764 F.Supp. 1501, 1503 (N.D. Ga. 1991) (denying motion to compel and stating, "Plaintiff's incorporation by reference in this case is not an attempt to obscure its response to Defendant's interrogatory, but instead is an attempt to respond . . . . This Court views the Plaintiff's reference to other discovery as an honest attempt to give Defendant notice of the basis of his claim."). In this case, pages 30-32 of Lexmark's memorandum filed in support of its motion for a preliminary injunction clearly and precisely states the basis for its claim that federal law (the Patent Act) preempts the North Carolina statute in question. Consequently, there is no need for Lexmark to "cut and paste" this same argument in its interrogatory answer and further burden an already extensive record. Concerning Lexmark's objections to subparts (i), (ii), and (iii) of Interrogatory No. 3, those objections are well taken. The information requested in these three subparts is not relevant to the claims and defenses asserted herein.

4

Consequently, for all of the foregoing reasons, Lexmark's objections to Interrogatory No. 3 are sustained, and SCC's motion to compel Lexmark to supplement its answer to Interrogatory No. 3 will be denied.

## INTERROGATORY NO. 21

Identify the persons who are most knowledgeable about Lexmark's claims and allegations in this proceeding related to SCC's alleged infringement, or inducement of infringement, or contributory infringement of the Patents-in-Suit.

### ANSWER:

In addition to the General Objections and Objections to the Definitions and Instructions incorporated herein, Lexmark objects to this Interrogatory on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, and seeks information not relevant to any claim or defense nor reasonably calculated to lead to the discovery of admissible evidence. Lexmark further objects to this Interrogatory on the grounds that it seeks information that is protected from disclosure by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of any other objection raised herein, Lexmark's answers to this Interrogatory are as follows: The persons most knowledgeable about Lexmark's claims in this proceeding related to Static Control's infringement of Lexmark's patents are Lexmark's attorneys.

In support of its motion to compel, SCC asserts that Lexmark's answer to Interrogatory No. 21 is inadequate and incomplete because it does not identify any person by name. SCC argues that Lexmark's recitation of "Lexmark's attorneys" in this answer is deficient for two reasons: (1) Lexmark has not satisfied its burden of demonstrating that any claim of privilege applies to the attorneys who are allegedly most knowledgeable about its claims of infringement, and (2) Lexmark has not even attempted to identify other knowledgeable persons other than its "attorneys." SCC contends that it is entitled to know which persons within Lexmark are the most knowledgeable concerning the *factual* bases for Lexmark's claims and that Lexmark cannot shield those facts, under a claim of privilege, during discovery in this case.

In response, Lexmark reiterates its answer correctly states that its attorneys are the most knowledgeable about its infringement claims asserted herein. Therefore, it need not supplement its answer to this interrogatory.

The Magistrate Judge is unpersuaded by Lexmark's argument that it has adequately answered Interrogatory No. 21. Although Lexmark's attorneys may be the most knowledgeable about both the

factual basis and legal basis for Lexmark's infringement claims herein, Lexmark's answer does not specify whether the attorneys referenced therein are its "in-house" counsel who are employed by Lexmark or whether these attorneys are retained counsel who are employed by outside law firms. Additionally, Lexmark's answer does not identify any attorney by name; thus, as Lexmark's answer presently stands, SCC is unable to notice any of "Lexmark's attorneys" for a deposition, as Lexmark's answer fails to identify its attorneys by name and place of employment.

Consequently, for all of the foregoing reasons, Lexmark's objections to Interrogatory No. 21 are overruled, and SCC's motion to compel Lexmark to supplement its answer to Interrogatory No. 21 will be granted.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion to compel Lexmark to supplement its answers to SCC's Interrogatory Nos. 3 and 21 [DE #159] is **GRANTED IN PART** and **DENIED IN PART**, as follows:

a. plaintiff's motion to compel Lexmark to supplement its answer to Interrogatory No. 3 is **DENIED**;

b. plaintiff's motion to compel Lexmark to supplement its answer to Interrogatory No. 21 is **GRANTED**.

2. Lexmark is given fifteen (15) days from the date of this Order in which to supplement its answer to Interrogatory No. 21 by identifying its attorneys by name and their place of employment, *i.e.*, whether they are Lexmark's "in-house" counsel or whether they are retained counsel employed by an outside law firm.

This _21ST_ day of December, 2005.

JAMES B. TODD,
UNITED STATES MAGISTRATE JUDGE