Eastern District of Kentucky
FILED
APR 0 6 2006
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 04-84-KSF

STATIC CONTROL COMPONENTS, INC.,   PLAINTIFF/COUNTERCLAIM
                                    DEFENDANT

V.

LEXMARK INTERNATIONAL, INC.,       DEFENDANT/COUNTERCLAIM
                                    PLAINTIFF

V.

WAZANA BROTHERS INTERNATIONAL, INC.,
d/b/a MICRO SOLUTIONS ENTERPRISES, PENDL
COMPANIES, INC., and NER DATA PRODUCTS, INC.,   COUNTERCLAIM
                                                 DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

\* \* \* \* \* \* \* \* \* \*

## I. INTRODUCTION

On February 24, 2004, plaintiff Static Control Components, Inc. (hereafter "SCC"), filed this declaratory judgment action against defendant Lexmark International, Inc. ("Lexmark"), seeking a judgment that SCC had not violated the Copyright Act, 17 U.S.C. §§ 101 *et seq.*, in respect to Lexmark's copyrighted computer programs, and that SCC had not violated the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201 *et seq.*, (hereafter "DMCA").

In responding to SCC's complaint, on March 16, 2004, Lexmark asserted counterclaims against SCC for alleged patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, alleged violations of the DMCA[1], and for alleged violations of the laws of the Commonwealth of Kentucky, including intentional interference with contractual relations, intentional interference with prospective economic advantage, and civil conspiracy. Lexmark seeks

---

[1] However, as a result of the Sixth Circuit's decision on appeal of the "'02 action," the parties agreed to file a stipulation to entry of summary judgment on Lexmark's DMCA claims.

damages and injunctive relief. In its counterclaims, Lexmark also asserted claims against other "John Doe" counterclaim defendants which have subsequently been identified: NER Data Products, Inc.

Specifically, this action concerns (1) Lexmark's Toner Loading Program and Printer Engine Program Lexmark incorporated in Lexmark's T520/522 and T620/622 laser printers, (2) Lexmark's Prebate toner cartridges and Regular toner cartridges used in Lexmark's T520/522 and T620/622 laser printers, and (3) SCC's "redesigned microchips, which Lexmark alleges contain unauthorized copies of its copyrighted Toner Loading Programs, as asserted in its counterclaims. In Counts 2 and 3 of the complaint, SCC seeks a determination that it has not violated the DMCA in respect to Lexmark's Toner Loading Programs and Printer Engine Programs, respectively.

Subsequently, Lexmark moved for a preliminary injunction, pursuant to Fed.R.Civ.P. 65, requesting the court to enjoin SCC from making, selling, distributing, importing, marketing, offering for sale, or otherwise trafficking in its "redesigned" microchips intended for use with Lexmark's T520/522, T620/622, and T630/632 printers and toner cartridges. This motion was later resolved by entry of an Agreed Order.

Thereafter, on September 12, 2005, the district court entered a Scheduling Order herein. [DE #145]. In numerical ¶ 13 thereof, the district court referred all discovery disputes to the Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(A), for resolution.

This matter is before the court on Lexmark's motion to compel discovery from counterclaim defendants Pendl Companies, Inc. ("Pendl") and Wazana Brothers International, Inc., d/b/a Micro Solutions Enterprises ("MSE"). [DE #231]. This motion has been fully briefed and is ripe for review.

## II. LEXMARK'S MOTION TO COMPEL DISCOVERY

Lexmark has moved to compel counterclaim defendants Pendl and MSE to provide their invalidity and non-infringement contentions in the form of complete, written responses to Lexmark's Interrogatory Nos. 6 and 7 and to Request for Admission Nos. 41-290. In response, Pendl and MSE

2

assert that based on the information they have received from Lexmark in response to their discovery requests to Lexmark, it has adequately responded to the discovery requests at issue and that Lexmark's motion to compel should be denied.

## Analysis

In considering this matter, the Magistrate Judge is mindful of the scope of discovery permitted by Fed.R.Civ.P. 26, subsequent to the 2000 amendment thereto, which permits "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, . . ."

The disputed discovery requests and counterclaim defendants' responses thereto that are the subject of Lexmark's motion to compel concern the basis for Pendl's and MSE's non-infringement and invalidity contentions. Lexmark asserts that Pendl and MSE have declined to provide it with any factual or legal basis for their claims that they have not infringed Lexmark's patents that are the subject of this action and/or that these same Lexmark patents are invalid. Specifically, Lexmark notes that Pendl and MSE have failed to sufficiently respond to Lexmark's Interrogatory Nos. 6 and 7 and to Request for Admission Nos. 41-290 concerning Pendl's and MSE's non-infringement and invalidity positions. Lexmark argues that if Pendl and MSE contend that the subject patents owned by Lexmark are invalid and/or not infringed, then it is entitled to discover the factual and legal basis for these contentions in order to defend itself against those claims.

In response, Pendl and MSE submit that they are unable to respond fully to Interrogatory Nos. 6 and 7 and to Request for Admission Nos. 41-290 until Lexmark provides them with the basis for its claims that they have infringed the patents at issue and that these patents are valid patents. Pendl and MSE argue that Lexmark must do more than simply rely on the fact it is asserting its own patents against its own products to "prove" that the patents-in-suit read on the products at issue. In essence, Pendl and MSE take the position that they are unable to fully respond to these discovery requests until Lexmark provides them with complete responses to their discovery requests to Lexmark.

In reply, Lexmark counters that it has provided Pendl and MSE with detailed infringement contentions that more than satisfy the Local Patent Rules adopted by five different district courts[2] – information those courts would find sufficient for an accused infringer to understand the patentees' infringement contentions and to set forth its non-infringement and invalidity contentions. To this end, Lexmark insists that it has detailed chapter and verse as to why the asserted patents cover the cartridges in suit, as seen from its response to SCC's Interrogatory No. 24, wherein it:

- Identified the independent and dependent claims it contends are infringed;
- Specified the toner cartridges and components that are covered by those independent claims;
- Provided claim charts relating to each of the asserted patents;
- Produced specifications and engineering drawings so Pendl and MSE could confirm Lexmark's infringement contentions; and,
- Made Rule 33(d) designations relating to Lexmark's infringement contentions.

Lexmark also states that it explained that Pendl and MSE directly infringe Lexmark's patents by selling used Lexmark toner cartridges, which are covered by Lexmark's patents. Lexmark notes that it is significant that Pendl and MSE do not deny that the used cartridges they have sold are not their own products, but rather used Lexmark cartridges with no critical components replaced. For all of these reasons, Lexmark asserts that it has provided all information necessary for Pendl and MSE to evaluate Lexmark's infringement contentions as to the 21 patents in suit and to adequately respond to the discovery requests in dispute.

The Magistrate Judge is persuaded by Lexmark's reply that it has provided Pendl and MSE with sufficient information concerning the basis for its claims that the patents-in-suit are valid and that these patents have been infringed. Therefore, Lexmark's motion to compel Pendl and MSE to respond fully to Interrogatory Nos. 6 and 7 and to Request for Admission Nos. 41-290 will be granted.

---

[2] The United States District Court for the Eastern District of Kentucky has not adopted local patent rules.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Lexmark's motion to compel discovery from Pendl and MSE [DE #231] is **GRANTED**.

2. Pendl and MSE are directed to respond fully to Interrogatory Nos. 6 and 7 and to Request for Admission Nos. 41-29 and to provide Lexmark with the factual or legal basis for their respective claims that they have not infringed Lexmark's patents that are the subject of this action and/or that these same Lexmark patents are invalid.

3. Pendl and MSE are given twenty (20) days from the date of this Order in which to supplement their respective discovery responses as set out above in greater detail.

This  6th  day of April, 2006.

JAMES B. TODD,
UNITED STATES MAGISTRATE JUDGE

5