Eastern District of Kentucky
FILED

AUG 2 3 2006

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 04-84-KSF

| | |
|---|---|
| STATIC CONTROL COMPONENTS, INC., | PLAINTIFF/COUNTERCLAIM DEFENDANT |
| V. | |
| LEXMARK INTERNATIONAL, INC., | DEFENDANT/COUNTERCLAIM PLAINTIFF |
| V. | |
| WAZANA BROTHERS INTERNATIONAL, INC., d/b/a MICRO SOLUTIONS ENTERPRISES, PENDL COMPANIES, INC., and NER DATA PRODUCTS, INC., | COUNTERCLAIM DEFENDANTS |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

\* \* \* \* \* \* \* \* \*

This matter is before the court on the motion of plaintiff/counterclaim defendant Static Control Components, Inc. ("Static Control"), filed pursuant to Fed.R.Civ.P. 37(b)(2), to impose sanctions against defendant/counterclaimant Lexmark International, Inc. ("Lexmark") by barring Lexmark from alleging and/or offering evidence that any remanufactured toner cartridge infringes any Lexmark patent. Static Control asserts that this requested sanction is warranted due to Lexmark's failure to identify any such remanufactured toner cartridge by the April 20, 2006 deadline set by the Magistrate Judge in the Memorandum Opinion and Order of April 5, 2006. This motion has been fully briefed and is ripe for review.[1]

---

[1] The Magistrate Judge has also considered the arguments made by Static Control in its supplemental reply brief that was tendered under seal to the court on August 7, 2006. By separate Order entered contemporaneously with this Report and Recommendation, the Magistrate Judge granted Static Control's motion for leave to file the supplemental reply brief in question.

## Discussion

In numerical ¶ 13 of the district court's Scheduling Order entered on September 12, 2005, the district court referred all discovery disputes to the Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(A), for resolution.

The Magistrate Judge's Memorandum Opinion and Order of April 5, 2006, concerned Static Control's motion to compel discovery from Lexmark. For the reasons stated therein, the Magistrate Judge granted in part and denied in part that motion to compel discovery. The instant motion is based on Static Control's assertion that Lexmark failed to comply with that portion of the Order of April 5, 2006, concerning Static Control's Interrogatory Nos. 24 and 25 and the requirements of the four-step procedure outlined therein. Specifically, the Order of April 5, 2006, stated in relevant part, as follows:

> 1. Plaintiff's motion to compel Lexmark to fully and adequately respond to (1) certain of SCC's Fourth Set of Requests for Production of Documents and Things, served on May 28, 2004 in the "02 Case," (2) SCC's Fifth Set of Requests for Production of Documents and Things, served on October 22, 2004 in the "02 Case," (3) SCC's Third Set of Requests for Production of Documents and Things, served on December 12, 2005 in the "04 Case," and to supplement its answers to SCC's Interrogatory Nos. 24 and 25 served in the "04 case" [DE #233] is **GRANTED IN PART** and **DENIED IN PART**, as follows:
>
> . . .
>
> e. plaintiff's motion to compel Lexmark to supplement its answers to SCC's Interrogatory Nos. 24 and 25 served in the "04 Case" is **DENIED WITHOUT PREJUDICE** to plaintiff's right to renew in the event plaintiff is unable to obtain the information it seeks by utilizing the following procedure:
>
> (i) Lexmark shall first identify each independent and dependent claim that Lexmark contends is infringed, and then produce engineering drawings and specifications, which will enable SCC independently to confirm that the asserted claims cover Lexmark's corresponding cartridges;
>
> (ii) SCC shall then identify for each cartridge each claim limitation that SCC contends is not satisfied or is otherwise disputed;
>
> (iii) Lexmark and SCC shall then mutually exchange a list of claim limitations that need to be construed, if any; and,

> (iv) Lexmark and SCC shall then mutually exchange their respective claim construction contentions for each claim limitation identified by the parties as requiring construction.
>
> . . .
>
> 3. Lexmark is given fifteen (15) days from the date of this Order in which to initiate the four-step procedure outlined above concerning SCC's Interrogatory Nos. 24 and 25 by identifying to SCC each independent and dependent claim that Lexmark contends is infringed, and then produce engineering drawings and specifications to SCC.

Memorandum Opinion and Order, pp. 9-11 [DE #268].

Static Control states that the foregoing Order of April 5, 2006, required Lexmark to initiate the four-step procedure concerning Static Control's Interrogatory Nos. 24 and 25 by April 20, 2006, and that Lexmark failed to do so. Based on this alleged failure by Lexmark, Static Control requests that Lexmark be barred from alleging and/or offering evidence that any remanufactured toner cartridge infringes any Lexmark patent.

Although Static Control's present motion is discovery-related, in the sense that it is based on the discovery Order of April 5, 2006, the relief Static Control seeks as a sanction against Lexmark for Lexmark's alleged non-compliance with the relevant portions of the Order of April 5, 2006, goes beyond discovery and is dispositive in nature, since Static Control essentially requests that Lexmark be prohibited from pursuing a portion of its counterclaim against Static Control. If Static Control obtains the relief it seeks in the present motion, the end result is that a portion of Lexmark's counterclaim will be dismissed.

As previously stated, this matter has been referred to the Magistrate Judge for the resolution of discovery disputes. Consequently, the Magistrate Judge's authority to act in this case is limited to discovery matters; the Magistrate Judge is unauthorized to make dispositive rulings in this case. Therefore, in considering Static Control's present motion on the merits, the Magistrate Judge will issue a report and recommendation to the presiding district judge.

## Analysis

In support of its motion to bar Lexmark from alleging and/or offering evidence that any remanufactured toner cartridge infringes any Lexmark patent, Static Control asserts that Lexmark made no effort to complete the first step of the four-step process outlined in the Order of April 5, 2006, with respect to any *remanufactured toner cartridge*, as it was required to do by April 20, 2006, and that the requested sanction it seeks is authorized by Fed.R.Civ.P. 37(b)(2). Thus, Static Control contends that since Lexmark failed to identify a single remanufactured cartridge as an accused device, Lexmark's claims relative to the remanufactured cartridges should be dismissed, since it cannot be liable for *indirect* infringement unless Lexmark first proves some *direct* infringement.[2]

In response to this motion, Lexmark asserts that it timely complied with the April 5, 2006 Memorandum Opinion and Order concerning the four-step claim construction process for identifying disputed claim limitations by (1) identifying the patent claims Lexmark alleges are infringed, and (2) providing supporting engineering drawings and specifications. More particularly, Lexmark states that on January 25, 2006, it provided Static Control with a supplemental interrogatory response that identified the independent and dependent claims of each asserted patent that "Lexmark contends is infringed" and identified "engineering drawings and specifications." Subsequent to the Order of April 5, 2006, Lexmark advises that on April 14, 2006, it provided Static Control with an updated list of patent claims Lexmark contends are infringed, and that on April 19, 2006, it provided Static Control with a corrected list of patent claims it contends are infringed and with additional engineering drawings and specifications. For all of these reasons, Lexmark contends that Static Control's motion is without merit and that Static Control should be required to complete step two of the four-step claim construction process outlined in the Order of April 5, 2006.

Lexmark also asserts that Static Control's argument that Lexmark failed to identify the remanufactured toner cartridges that infringe its patents is also without merit because the Order of

---

[2] Counterclaim defendants MSE, Pendl, and NER have joined in Static Control's motion to bar Lexmark from alleging and/or offering evidence that any remanufactured toner cartridge infringes any Lexmark patent.

4

April 5, 2006, does not require Lexmark to provide such information to Static Control; nevertheless, Lexmark states that it has identified the remanufactured toner cartridges that directly infringe the identified patent claims.[3] Additionally, Lexmark submits that Static Control's arguments relating to components or structure of Lexmark's toner cartridges that are changed during the remanufacturing-of-toner cartridges process is a red herring for several reasons and is irrelevant to the issue of whether Lexmark complied with the Order of April 5, 2006.

Upon review of the memoranda filed in support of and in opposition to Static Control's motion to impose sanctions against Lexmark, due to its alleged failure to comply with the Order of April 5, 2006, by barring Lexmark from alleging and/or offering evidence that any remanufactured toner cartridge infringes any Lexmark patent, for several reasons, the Magistrate Judge is unpersuaded by Static Control's arguments. The Magistrate Judge concludes that Lexmark has timely complied with the Order of April 5, 2006, by completing step one of the four-step process outlined therein and that now the time has come for Static Control to complete step two of the four-step process. Concerning Static Control's argument that Lexmark failed to identify the remanufactured toner cartridges that infringe its patents, the Order of April 5, 2006 did not require Lexmark to provide such information to Static Control, even though Lexmark has identified the remanufactured toner cartridges that directly infringe the identified patent claims. As to Static Control's arguments relating to components or structure of Lexmark's toner cartridges that are changed during the remanufacturing-of-toner cartridges process, those arguments are irrelevant to the issue of whether Lexmark complied with the Order of April 5, 2006.

Accordingly, **IT IS RECOMMENDED** that:

---

[3] In general, Lexmark's patent claims are based upon two different theories of direct infringement. One, Lexmark asserts that NER, Pendl, MSE, and non-party remanufacturers directly infringe Lexmark's patents by refurbishing and reselling Lexmark Prebate cartridges that are sold subject to a single-use restriction. Two, remanufacturers directly infringe Lexmark's patents by refurbishing Lexmark toner cartridges - whether Prebate or not - that were originally sold overseas and reselling them in the United States.

5

1. Static Control's motion to impose sanctions against Lexmark by barring Lexmark from alleging and/or offering evidence that any remanufactured toner cartridge infringes any Lexmark patent [DE #300] due to Lexmark's alleged failure to comply with the Order of April 5, 2006, be **DENIED**;

2. Static Control be directed to complete step two of four-step claim construction process within fifteen (15) days of the court's Order;

3. The parties be given fifteen (15) days thereafter to complete step three of the four-step claim construction process, and that the parties be given fifteen (15) days following the completion of step three to complete step four of the four-step claim construction process.

The Clerk of the Court shall forward a copy of this Proposed Findings of Fact and Recommendation to the respective parties who shall, within ten (10) days of receipt thereof, serve and file timely written objections to the Magistrate Judge's Proposed Findings of Fact and Recommendation with the District Court or else waive the right to raise the objections in the Court of Appeals. 28 U.S.C. section 636(b)(1)(B); Thomas v. Arn, 728 F.2d 813 (6th Cir. 1984), affirmed, 474 U.S. 140 (1985); Wright v. Holbrook, 794 F.2d 1152, 1154-55 (6th Cir. 1986); Rule 8(b)(3), Rules Governing Section 2254 Cases in the United States District Courts; Fed.R.Civ.P. 6(e). A party may file a response to another party's objections within ten (10) days after being served with a copy thereof. Fed.R.Civ.P. 72(b).

This 23rd day of August, 2006.

JAMES B. TODD,
UNITED STATES MAGISTRATE JUDGE