UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

Eastern District of Kentucky
FILED

NOV 1 5 2006

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 04-84-GFVT

STATIC CONTROL COMPONENTS, INC.,     PLAINTIFF/COUNTERCLAIM DEFENDANT

V.

LEXMARK INTERNATIONAL, INC.,     DEFENDANT/COUNTERCLAIM PLAINTIFF

V.

WAZANA BROTHERS INTERNATIONAL, INC.,
d/b/a MICRO SOLUTIONS ENTERPRISES, PENDL
COMPANIES, INC., and NER DATA PRODUCTS, INC.,     COUNTERCLAIM DEFENDANTS

\* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the motion of counterclaim defendant MSE to compel Lexmark to produce witnesses for additional Rule 30(b)(6) deposition testimony [DE #468], which was filed with leave of court following a telephone conference call with the Magistrate Judge on November 8, 2006. Lexmark having filed a response in opposition thereto, this matter is ripe for review.

On October 27, 2006, MSE served Lexmark with a notice of Rule 30(b)(6) deposition, which noticed twenty (20) topics to be covered at this deposition and noticed same for November 15, 2006.[1] In its motion to compel, MSE advises that subsequent to the parties' telephone conference with the Magistrate Judge, MSE has agreed to withdraw Topics 9 through 13 of its Notice, and Lexmark has

---

[1] Although MSE noticed this deposition for November 15, 2006, the parties are cognizant that this deposition will not occur as noticed and will not take place until the court has ruled on MSE's motion to compel and determined whether such deposition should occur, if ever, and if so, what topics are allowed to be covered at this deposition.

agreed to produce a witness to testify on Topic 1. MSE further advises that the remaining topics in dispute can be divided into two categories, grouping Topics 14 through 20 together and Topics 2 through 8 together.

With the exception of Topic 1, Lexmark objects to the foregoing Rule 30(b)(6) deposition notice, both as to the timing of the notice (being served on October 27, 2006, and noticing the deposition on the discovery deadline, November 15, 2006), and the scope of the topics to be covered during this deposition, which may require numerous designees who are knowledgeable about the noticed topics. Lexmark advises that it has previously been deposed by MSE in a Rule 30(b)(6) deposition in July of 2006, wherein it produced six (6) designees as corporate representatives and that MSE's presently noticed Rule 30(b)(6) deposition is duplicative of prior Rule 30(b)(6) testimony.

### A.     Topics 14 through 20

Topics 14 through 20 concern Lexmark's *Jazz Photo* theory of patent infringement.[2] As grounds for its motion to pursue a Rule 30(b)(6) deposition on these topics, MSE states that on August 2, 2006, it served document requests to Lexmark requesting documents that it needed to begin its discovery and analysis of Lexmark's *Jazz Photo* theory. MSE also states that Lexmark did not respond to these document requests, forcing it to file a motion to compel the production of documents regarding the *Jazz Photo* theory and that ultimately, on November 3, 2006, Lexmark produced some documents that were partially responsive to its document requests served three months earlier. MSE contends that if Lexmark is permitted to pursue its new theory of liability, the *Jazz Photo* theory, it must be afforded a reasonable opportunity to conduct discovery on that claim.

In response, Lexmark disputes MSE's claim that its *Jazz Photo* claim was raised late in the litigation (January 2006). Nevertheless, assuming the correctness of MSE's position as to when the *Jazz Photo* claim was raised, Lexmark points out that MSE and the other counterclaim defendants

---

[2] This claim is based on *Fuji Photo Corp. v. Jazz Photo Corp.*, 394 F.3d 1368 (Fed. Cir. 2005), and other precedent. Lexmark asserts that this theory, for any Lexmark toner cartridge first sold outside of the United States, the remanufacture, reuse or resale of that cartridge inside the United States constitutes patent infringement in violation of 35 U.S.C. § 271.

have had nearly one year to conduct *Jazz Photo* discovery, including the deposition of the Rule 30(b)(6) designees in July of 2006. Additionally, Lexmark points out that following a telephone conference with the court on October 6, 2006, it produced twelve categories of documents relating to the *Jazz Photo* claim and that MSE has yet to review those documents. For all of these reasons, Lexmark contends that MSE has had ample time to conduct *Jazz Photo*-related discovery, that its failure to do so to its present satisfaction is its own fault, and that its motion to compel the production of a Rule 30(b)(6) designee to testify regarding Lexmark's *Jazz Photo* claim should be denied.

The Magistrate Judge finds merit in Lexmark's argument. Even if MSE is correct that Lexmark did not raise its *Jazz Photo* claim until January of 2006, MSE has had ten (10) months to conduct discovery on this claim, including Rule 30(b)(6) deposition of Lexmark that was taken in July of 2006.

**B.     Topics 2 through 8**

This category of Rule 30(b)(6) topics encompasses issues on which MSE has previously obtained Rule 30(b)(6) testimony from Lexmark; however, MSE contends that limited, additional questioning is required to complete discovery on these issues due to prior equivocal or incomplete testimony given by the Rule 30(b)(6) designee.

In response, Lexmark asserts that a review of the testimony given by the six designees that it took to cover these topics reflects that these Rule 30(b)(6) witnesses were fully prepared to address these topics and testified extensively. For these reasons, Lexmark argues that if MSE or any other counterclaim defendant desired further testimony on these topics, those questions should have been asked during these depositions in July and that MSE should not be permitted to wait until the eleventh hour to request additional Rule 30(b)(6) testimony on these topics. Moreover, Lexmark notes that Topics 6 and 8 concern documents that it produced to MSE in December of 2004, nearly two years ago; therefore, MSE has had more than a full and fair opportunity to seek testimony on these two topics and should have done so in July.

Upon review of the prior deposition testimony on Topics 2 - 5, and Topic 7, the Magistrate Judge concludes that MSE was obligated, at the time of the prior depositions, to ask all of the

questions it wanted to ask and/or to seek additional information from the Rule 30(b)(6) designees in July of 2006, and that its request for additional deposition testimony on these topics, at this juncture, is simply too late and would be prejudicial to Lexmark. As to Topics 6 and 8, which concern documents Lexmark produced to MSE in December of 2004, MSE should have asked additional questions of the Rule 30(b)(6) designees about these topics during the prior depositions.

Accordingly, **IT IS HEREBY ORDERED** that:

1. MSE's motion to compel Lexmark to produce witnesses for additional Rule 30(b)(6) depositions [DE #468] is **DENIED**.

2. MSE may only depose Lexmark in an additional Rule 30(b)(6) deposition on the topics on which the parties have agreed or on which the court has previously ordered could be covered in any additional Rule 30(b)(6) deposition.

3. No further discovery shall be taken subsequent to November 15, 2006, except that previously ordered by the court, that which the court may order in the future, or that on which the parties have agreed or may agreed to subsequent to this Order.

This  15th  day of November, 2006.

JAMES B. TODD,
UNITED STATES MAGISTRATE JUDGE