Eastern District of Kentucky
FILED
DEC 1 3 2006
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 04-84-KSF

STATIC CONTROL COMPONENTS, INC.,     PLAINTIFF/COUNTERCLAIM DEFENDANT

V.

LEXMARK INTERNATIONAL, INC.,     DEFENDANT/COUNTERCLAIM PLAINTIFF

V.

WAZANA BROTHERS INTERNATIONAL, INC.,
d/b/a MICRO SOLUTIONS ENTERPRISES, PENDL
COMPANIES, INC., and NER DATA PRODUCTS, INC.,     COUNTERCLAIM DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

\* \* \* \* \* \* \* \* \* \*

## I. INTRODUCTION

On February 24, 2004, plaintiff Static Control Components, Inc. (hereafter "SCC"), filed this declaratory judgment action against defendant Lexmark International, Inc. ("Lexmark"), seeking a judgment that SCC had not violated the Copyright Act, 17 U.S.C. §§ 101 *et seq.*, in respect to Lexmark's copyrighted computer programs, and that SCC had not violated the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201 *et seq.*, (hereafter "DMCA").

In responding to SCC's complaint, on March 16, 2004, Lexmark asserted counterclaims against SCC for alleged patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, alleged violations of the DMCA[1], and for alleged violations of the laws of the Commonwealth of Kentucky, including intentional interference with contractual relations, intentional interference with prospective economic advantage, and civil conspiracy. Lexmark seeks

---

[1] However, as a result of the Sixth Circuit's decision on appeal of the "'02 action," the parties agreed to file a stipulation to entry of summary judgment on Lexmark's DMCA claims.

damages and injunctive relief. In its counterclaims, Lexmark also asserted claims against Wazana Brothers International, Inc., d/b/a Micro Solutions Enterprises; Pendl Companies, Inc.; and NER Data Products, Inc.

Specifically, this action concerns (1) Lexmark's Toner Loading Program and Printer Engine Program Lexmark incorporated in Lexmark's T520/522 and T620/622 laser printers, (2) Lexmark's Prebate toner cartridges and Regular toner cartridges used in Lexmark's T520/522 and T620/622 laser printers, and (3) SCC's "redesigned microchips, which Lexmark alleges contain unauthorized copies of its copyrighted Toner Loading Programs, as asserted in its counterclaims. In Counts 2 and 3 of the complaint, SCC seeks a determination that it has not violated the DMCA in respect to Lexmark's Toner Loading Programs and Printer Engine Programs, respectively.

Subsequently, Lexmark moved for a preliminary injunction, pursuant to Fed.R.Civ.P. 65, requesting the court to enjoin SCC from making, selling, distributing, importing, marketing, offering for sale, or otherwise trafficking in its "redesigned" microchips intended for use with Lexmark's T520/522, T620/622, and T630/632 printers and toner cartridges. This motion was later resolved by entry of an Agreed Order.

Thereafter, on September 12, 2005, the district court entered a Scheduling Order herein. [DE #145]. In numerical ¶ 13 thereof, the district court referred all discovery disputes to the Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(A), for resolution.

This matter is before the court on SCC's motion to compel the continuation of Lexmark's Rule 30(b)(6) deposition. [DE #420]. This motion has been fully briefed and is ripe for review.

## II. SCC'S MOTION TO COMPEL

As grounds for its motion to compel the continuation of Lexmark's Rule 30(b)(6) deposition, SCC states that pursuant to Fed.R.Civ.P. 30(b)(6), it served Lexmark with a Notice of Deposition that identified eight (8) topics relating to Lexmark's claims of copyright infringement, SCC's defenses thereto, and SCC's complaint for declaratory judgment of noninfringement. SCC states that Lexmark's Rule 30(b)(6) deposition occurred on July 28, 2006, that Cyrus Clarke, a Lexmark

2

employee, was Lexmark's designated representative, that Mr. Clarke was unable to answer numerous fundamental questions within the scope of the eight topics noticed for this deposition, and that he had made no preparations to be deposed on two of the deposition topics.

Consequently, as the result of the answers Mr. Clarke gave to SCC's questions during Lexmark's Rule 30(b)(6) deposition, SCC asserts that Lexmark failed to comply with its obligations under Rule 30(b)(6) to provide a witness capable of answering fully, completely, and unevasively, on behalf of the corporation, questions within the subject areas identified in the Notice of Deposition and that Lexmark has been unwilling to produce another witness for the continuation of its Rule 30(b)(6) deposition for the purposes of providing full and complete answers to the questions within the scope of the Notice of Deposition that Cyrus Clarke was unable to answer. For these reasons, SCC has moved the court to compel the continuation of Lexmark's Rule 30(b)(6) deposition and to direct Lexmark to produce one or more witnesses, as its Rule 30(b)(6) designated representative(s), who can provide full and complete answers to the questions Cyrus Clarke could not answer. SCC has also requested that it be awarded the costs associated with the continuation of Lexmark's Rule 30(b)(6) deposition.

In response, Lexmark opposes SCC's motion to compel the continuation of its Rule 30(b)(6) deposition, asserting that Cyrus Clarke gave full and complete testimony on all non-privileged, non-expert, and non-objectionable portions of SCC's Rule 30(b)(6) topics. Lexmark points out that prior to the Rule 30(b)(6) deposition in question, it objected to SCC's noticed topics "as being overly broad, unduly burdensome, oppressive, vague, and ambiguous," and that SCC's broad topics did not "describe with reasonable particularity the matters on which examination is requested," as required by Rule 30(b)(6), and that SCC elected to proceed with the Rule 30(b)(6) deposition in the absence of resolving Lexmark's objections to the noticed topics. For this reason, Lexmark argues that SCC now has no basis to complain about subject matter that was not described with reasonable particularity in SCC's notice.

Lexmark also contends that SCC's allegation that Lexmark intentionally designated a Rule 30(b)(6) representative who lacked personal knowledge concerning the subject matter identified in the Rule 30(b)(6) Notice of Deposition is without merit. Lexmark insists that its Rule 30(b)(6) representative, Cyrus Clarke, was prepared, willing and able to testify and did, in fact, provide such testimony. Lexmark asserts that Cyrus Clarke was a knowledgeable deponent in that he is a former team leader and was a team leader in monochrome laser engine code development (*i.e.*, the Printer Engine Program) from 1988 to 2000. Lexmark states that to prepare for this deposition, Cyrus Clarke reviewed the Notice of Deposition, interviewed several engineers (Douglas Able, Keith Richardson, and Craig Bush), reviewed program code, and reviewed specifications and documents relating to the toner estimation code and the memory map of the chip. (Rule 30(b)(6) deposition, at pp. 11-12). For these reasons, Lexmark asserts that SCC cannot be heard to argue that Cyrus Clarke was not a competent Rule 30(b)(6) representative.

Furthermore, without conceding that Cyrus Clarke's testimony may have been deficient, Lexmark argues that in the event Cyrus Clarke's testimony may arguably have been deficient in some respects, SCC was not prejudiced by any deficiencies therein because SCC has subsequently obtained additional answers from other deponents, Bruce Maggs, Lexmark's copyright expert, and Douglas Able, a Lexmark employee who was one of the creators of Lexmark's copyrighted works at issue.

## Analysis

In considering this matter, the Magistrate Judge has reviewed, in addition to the memoranda filed in support of and in opposition to SCC's motion to compel the continuation of Lexmark's Rule 30(b)(6) deposition, the transcripts of the depositions of Cyrus Clarke, Bruce Maggs, and Douglas Able. It is true that Cyrus Clarke was unable to provide a definitive answer to every single question asked of him during this Rule 30(b)(6) deposition; however, that fact, in and of itself, does not mean that his testimony was deficient or that SCC was prejudiced by his testimony. In the event that Cyrus Clarke's testimony may be perceived to be deficient in some manner, the Magistrate Judge also

concludes that SCC has nevertheless obtained all of the information to which it is entitled, since it appears that Bruce Maggs and Douglas Able were able to provide answers to those questions that Cyrus Clarke was unable to answer. Although Bruce Maggs and Douglas Able were not Rule 30(b)(6) designated representatives, the information they provided to SCC essentially filled in the gaps in information Cyrus Clarke was unable to provide. Thus, any potential prejudice to SCC due to Cyrus Clarke's inability to answer every question posed to him with a definitive answer was remedied by the information SCC subsequently obtained from Maggs and Able.

Consequently, for all of the foregoing reasons, the Magistrate Judge concludes that SCC's motion to compel the continuation of Lexmark's Rule 30(b)(6) deposition is without merit.

Accordingly, **IT IS HEREBY ORDERED** that plaintiff's motion to compel the continuation of Lexmark's Rule 30(b)(6) deposition [DE #420] is **DENIED**.

This 13th day of December, 2006.

JAMES B. TODD,
UNITED STATES MAGISTRATE JUDGE