Case: 5:04-cv-00084-GFVT-REW Doc #: 837 Filed: 03/16/07 Page: 1 of 5 - Page ID#: 14965
Eastern District of Kentucky
FILED
MAR 16 2007
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DISTRICT at LEXINGTON

CIVIL ACTION NO. 04-84-GFVT

| | |
|---|---|
| STATIC CONTROL COMPONENTS, INC., | PLAINTIFF/COUNTERCLAIM DEFENDANT |
| V. | |
| LEXMARK INTERNATIONAL, INC., | DEFENDANT/COUNTERCLAIM PLAINTIFF |
| V. | |
| WAZANA BROTHERS INTERNATIONAL, INC., d/b/a MICRO SOLUTIONS ENTERPRISES, PENDL COMPANIES, INC., and NER DATA PRODUCTS, INC., | COUNTERCLAIM DEFENDANTS |

**MEMORANDUM OPINION AND ORDER**

\* \* \* \* \* \* \* \* \* \*

## I. INTRODUCTION

In the interests of judicial economy, the nature of this action, including claims asserted herein, as set out in greater detail in the Memorandum Opinion and Order entered on December 18, 2006 [DE #566], is incorporated herein by reference.

This matter is before the court on the motion of counterclaim defendant Pendl Companies, Inc. ("Pendl") for the imposition of discovery sanctions against Lexmark International, Inc. ("Lexmark") [DE #400]. This motion has been fully briefed and is ripe for review.[1]

## II. PENDL'S MOTION FOR DISCOVERY SANCTIONS

Pendl's motion for the imposition of discovery sanctions against Lexmark concerns Lexmark's response to Pendl's Interrogatory No. 5 of Pendl's Second Set of Interrogatories and Third Set of Requests for Production that was served to Lexmark on August 2, 2006. Lexmark's

---

[1] At the initial pretrial conference conducted on March 12, 2007, the presiding district judge referred this motion to the Magistrate Judge for resolution on the merits. See DE #825.

response to Pendl's Interrogatory No. 5 was the subject of a telephone conference call with the Magistrate Judge on September 20, 2006, wherein Lexmark agreed to supplement its answer thereto.[2] As grounds for its motion for the imposition of discovery sanctions against Lexmark, Pendl argues that instead of properly responding to Interrogatory No. 5, Lexmark essentially sent Pendl on a "wild goose chase" by referring Pendl to approximately 6 million entries in a database of information that, as it turns out, did not contain the information responsive to Interrogatory No. 5. Thus, Pendl contends that Lexmark has abused the discovery process, and Pendl seeks sanctions against Lexmark due to the expenditure of time required to perform a search of the 6 million entries in a database that Pendl characterizes as a search for a needle in a haystack, when the needle was nonexistent.

In response, Lexmark argues that Pendl's motion for discovery sanctions against it is unwarranted and that Pendl is simply complaining about having to examine voluminous responsive data, even though it was information that Pendl had requested. Lexmark points out that a portion of its response to Pendl's Interrogatory No. 5 included the Supplemental Declaration of William Eidenmuller Pursuant to Federal Rule of Evidence 902(11), which is a part of the data provided by Environmental Reclamation Services ("ERS") in response to a subpoena served by Lexmark. Lexmark points out that in providing the ERS information to Pendl, which Lexmark acknowledges is a large file, it did not alter the information in any way, that it referred to the documents and information it relied upon in the same format in which it had received them, and Lexmark asserts that it would have been improper for it to have altered the ERS information in any way. Lexmark also makes clear that there are portions of Interrogatory No. 5 that requests information that it does

---

[2] At the conclusion of this conference call with the Magistrate Judge, Lexmark was directed to supplement its answer to Interrogatory No. 5. In the event Pendl remained dissatisfied with Lexmark's supplemental answer to Interrogatory No. 5, Pendl was given leave to file a motion to compel Lexmark to further supplement its answer to this Interrogatory, and Pendl was also given leave to move for the imposition of sanctions against Lexmark relative to Lexmark's supplemental response to this interrogatory if Pendl remains dissatisfied with Lexmark's answer as supplemented. See DE #387.

not possess. Nevertheless, Lexmark contends that its original response and supplemental response to Interrogatory No. 5 are adequate and that it should not be sanctioned simply because it produced a large volume of information to Pendl that Pendl requested.

## Analysis

Pendl's motion for the imposition of discovery sanctions against Lexmark centers around its request for detailed information relative to Lexmark's state law claim against Pendl for tortious interference with contracts. In response to the Order of March 7, 2006, Lexmark provided Pendl with a list of 159 entities or individuals who "may have committed a breach of Lexmark's Prebate agreement that forms the basis of Lexmark's claims for tortious interference with contracts." Pendl's Interrogatory No. 5 at issue seeks additional information concerning these 159 entities or individuals who Lexmark believes may have breached the Prebate agreement. Specifically, Interrogatory No. 5 requested the following information:

### Interrogatory No. 5:

For each of the entities listed in Exhibit A to Lexmark's Disclosure Pursuant to the Court's Opinion and Order of March 7, 2006, state all facts and identify all documents concerning, referring or relating in any way to Lexmark's allegation that the entity "may have committed a breach of Lexmark's Prebate agreement [sic]," including without limitation:

A. Providing the entity's full name, last known address and telephone number;

B. For each Prebate-labeled Lexmark Laser Toner Cartridge that Lexmark alleges the entity purchased, if any, identifying the person or company from whom the entity purchased the cartridge (i.e., from Lexmark directly, from a specific reseller, etc.);

C. Stating whether and, if so, when and how the entity entered into each "Prebate agreement" that Lexmark alleges the entity may have breached;

D. Describing whether and, if so, when and how the entity breached each "Prebate agreement" that Lexmark alleges the entity may have breached;

E. Stating whether Lexmark or its counsel or any other agent has had any communication(s) with the entity or its counsel or any other agent as to the entity's possible breach, if any, of one or more "Prebate agreement(s)" with Lexmark, and for each such communication, describing fully who participated in the communication, when it occurred, and what each person said or otherwise communicated; and

3

    F. Identifying all persons with personal knowledge of any of the facts, documents or things stated or identified in response to this Interrogatory.

<u>Pendl's Second Set of Interrogatories (5) and Third Set of Requests for Production (1666) to Lexmark</u>.

  Given the fact that Lexmark had identified 159 entities or individuals who it believed may have breached the Prebate agreement, the foregoing interrogatory requests a substantial amount of information, since this interrogatory requests detailed information as to each of the 159 entities or individuals concerned. Thus, it is logical that Lexmark would have produced a voluminous amount of information in response thereto. It is also logical that Lexmark would not have been in possession of all of the information requested by this interrogatory, since, as Lexmark points out in its response, some of those 159 entities or individuals Lexmark identified did not purchase the Prebate cartridge directly from Lexmark, but instead purchased same from an entity who did purchase the Prebate cartridge directly from Lexmark.

  It is significant that following Lexmark's supplemental response to Interrogatory No. 5, Pendl did not file a motion to compel Lexmark to produce additional information responsive to this interrogatory. Additionally, in Pendl's motion for discovery sanctions, Pendl does assert that Lexmark's supplemental response is deficient. Therefore, it appears that Pendl's motion for sanctions concerns (1) the amount of time required to review information that it had requested, (2) the fact that portions of the information produced were not responsive to this interrogatory, and (3) the fact that Lexmark was not in possession of information that was fully responsive to this interrogatory. However, the Magistrate Judge concludes that none of the foregoing reasons justify the imposition of sanctions against Lexmark.

Accordingly, **IT IS HEREBY ORDERED** that the motion of Pendl for the imposition of discovery sanctions against Lexmark [DE #400] is **DENIED**.

This 16th day of March, 2007.

JAMES B. TODD,
UNITED STATES MAGISTRATE JUDGE